IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT L. ZIMMERMAN, et al., )
etc., )
 )
       Plaintiffs, )
 )
  v. )  No. 10 C 3117
 )
RUSH HOUR EVENTS, LLC, et al., )
 )
       Defendants. )

## MEMORANDUM ORDER

    Counsel for all three defendants in this putative Fair Labor Standards Act action--Rush Hour Events, LLC and individuals Robert Hovey, Jr. and James Davis II--have filed three separate Answers and Affirmative Defenses ("ADs") on behalf of their clients. This memorandum order is issued sua sponte because of what this Court regards as the problematic nature of that practice.

    This Court (like all judges) seeks to stay on top of all of the cases assigned to its calendar, and that calls for reading everything filed in those cases. It obviously has not occurred to defense counsel that the need to go through three separate filings when one would accomplish the same purposes for all defendants is not only a waste in environmental terms but is also insufficiently considerate of the reader, who wants to know among other things any areas in which different defendants have differing points of view.

    This Court had no inclination to lay the three pleadings

side by side for comparative purposes (like the process described by Justice Owen Roberts in United States v. Butler, 297 U.S. 1, 62-63 (1936)).[1] Accordingly it proceeded only far enough into the responsive pleadings to confirm that they do indeed appear to mirror each other.

This should not be misunderstood as a reaction to any substantive deficiency in the responsive pleadings, for this Court has not undertaken the time-consuming task of vetting the present threesome individually (with the small exception noted hereafter). But instead, in the interest of both convenience and (as mentioned earlier) courtesy, this Court strikes all three existing responses (Dkts. 17, 18 and 19) and grants leave to file a single combined Amended Answer on behalf of the three defendants, noting of course any areas in which they may part company. That filing is to be made on or before August 27, 2010.

As for the ADs, each calls for brief comment. Here they are:

    1. Because notice pleading is incumbent on defendants and plaintiffs alike, AD 1 (which asserts a potential limitations issue) needs to be fleshed out. No useful information is conveyed by a nonparticularized assertion that claims "are barred, in whole or in part, by applicable

---

[1] That chore contrasts with the ease, via computer, of instantaneously generating such multiple pleadings with substantively identical (or nearly identical) content.

2

statutes of limitations." Leave is granted, however, to replace that AD with a meaningful one that identifies applicable limitations periods to the extent that the Complaint does not.

    2. AD 2 says even less, with its purported reservation of rights to assert added defense ADs if they arise during the course of the litigation. That AD too is stricken, this time without leave to replead.

                                                   _____
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: August 17, 2010